**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William McPHERSON,**
**Defendant-Appellant.**

No. 84–1476.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 7, 1986.

Decided Jan. 28, 1986.

Rehearing and Rehearing En Banc
Denied March 10, 1986.

Carl Ziemba, argued, Detroit, Mich., for defendant-appellant.

Joel M. Shere, U.S. Atty., Detroit, Mich., Lynn A. Helland, argued, for plaintiff-appellee.

Before LIVELY, Chief Judge; WELL-FORD, Circuit Judge; and PORTER, District Judge *.

PER CURIAM.

The defendant was convicted by a jury of violating 18 U.S.C. § 656 (1982), which makes it a crime for a bank employee to embezzle, abstract, purloin or willfully misapply any funds or credits of the bank. Though the statute lists the acts which are made criminal in the disjunctive, the indictment in this case charged that McPherson "did knowingly embezzle, abstract, purloin *and* wilfully misapply" money and funds of the bank. In his charge to the jury the district judge followed the statute and used the disjunctive language. After defining embezzling, abstracting, purloining and willfully misapplying funds the district court instructed the jury that it should find the defendant guilty if it believed from the evidence beyond a reasonable doubt that his acts came within the definition of any of the four defined methods of taking funds from the bank where he was employed. The district court did not instruct

---

* The Honorable David S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation.

the jury that it was required to agree unanimously on what method or methods of taking funds the defendant employed. The defendant contends that there was no evidence of embezzlement, but the government responds, with record support, that there was abundant evidence that the defendant purloined and abstracted funds from the bank.

The defendant did not request an instruction that the jury must agree unanimously on the method employed by the defendant, but now argues that it was plain error for the district court to fail to so instruct. The defendant maintains that for all the record discloses, the jury may have been unanimous only in finding that the defendant embezzled the funds and that a conviction based on such finding cannot stand, since there was not sufficient evidence of embezzlement to support a conviction on that theory. The government points out that there was no request for an instruction and asserts that the district court did not commit plain error in failing to instruct as the defendant now contends it should have.

The defendant relies on *Gilbert v. United States,* 370 U.S. 650, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962), where the Supreme Court set aside a guilty verdict where two theories of guilt were presented and where the jury might have acted on an erroneous assumption caused by a defect in instructions. There was no certainty as to the theory upon which the jury based its finding. If in fact the jury based its verdict on an erroneous theory, the defendant would have been found guilty of acts which were not criminal. We do not believe that *Gilbert* controls the present case. In *Gilbert* the Supreme Court indicated that the jury could have been misled by the trial court's instructions, which were characterized as "at best opaque." *Id.* at 653, 82 S.Ct. at 1401. In the present case there is no claim that the jury instructions defining the prohibited acts were erroneous or confusing. The contention here is that by failing to require the jury to agree unanimously on a theory of guilt, the district court made it possible for the jury to render a nonunanimous verdict.

The decision which offers the greatest support to the defendant's position is *United States v. Gipson,* 553 F.2d 453 (5th Cir.1977). In *Gipson* Judge Wisdom wrote for the court:

Although a federal defendant's right to a unanimous jury verdict is clear, the scope of that right, unfortunately, is not. Neither the research of counsel in this case nor our own independent study has unearthed a precedent dealing with the question—or a problem analogous to the question—posed by this appeal. That question is: Where a single criminal statute prohibits a number of acts, and a finding by the jury that the defendant did any one of the prohibited acts is sufficient to convict him (provided, of course, that all other elements of the offense are found) is the defendant's right to a unanimous verdict infringed if a guilty verdict is returned when all members of the jury agree that the defendant performed one of the prohibited acts, but disagree as to which of the acts he performed? In other words, where a criminal statute provides a number of ways of satisfying the actus reus element of an offense, does a defendant's right to a unanimous jury verdict require all jurors to find that element present by reaching substantial agreement as to the facts that satisfy the element before they can return a verdict of guilty?

*Id.* at 456–57 (footnote omitted).

Answering the foregoing question in the affirmative, the court then stated:

The unanimity rule thus requires jurors to be in substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged. Requiring the vote of twelve jurors to convict a defendant does little to insure that his right to a unanimous verdict is protected unless this prerequisite of jury consensus as to the defendant's course of action is also required.

*Id.* at 457–58 (footnote omitted).

*United States v. Gipson* involved a charge of violating 18 U.S.C. § 2313, which

prohibits six separate acts relating to stolen vehicles. In *United States v. Acosta,* 748 F.2d 577 (11th Cir.1984), the court, though bound by earlier precedents of the former Fifth Circuit, declined to follow *Gipson* in an appeal from a conviction under 18 U.S.C. § 656, the statute involved in the present case. The court distinguished *Gipson* on several grounds, two of which are significant here. First, there was an error in the trial court's instructions to the jury in *Gipson* whereas there was no such error in *Acosta* and the court did not view the alleged omission in the instructions in the latter case as plain error. More importantly, however, the *Acosta* court found that the result reached in *Gipson* was based on a finding that 18 U.S.C. § 2313 contains two distinct conceptual groupings of prohibited acts whereas 18 U.S.C. § 656 involves a single conceptual grouping. *Id.* at 582. The court concluded that 18 U.S.C. § 656 "embraces but a single generic offense, the offense of willfully *taking* the money of a bank by one of its employees, which offense may be committed in several alternative ways: embezzling (a taking), abstracting (a taking), purloining (a taking) and misapplying (a taking)." *Id.* at 579 (emphasis in original). Thus, if the jury was unanimous in finding beyond a reasonable doubt that a defendant bank employee committed an act that constituted a willful taking of the bank's funds, regardless of the precise manner in which the taking occurred, the verdict would be valid.

The ruling in *Acosta* is supported by the Supreme Court decision in *Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970), where the Court stated:

> The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged.

(Footnote omitted). The footnote refers to *Crain v. United States,* 162 U.S. 625, 634–36, 16 S.Ct. 952, 954–55, 40 L.Ed. 1097 (1896). Despite defendant's arguments to the contrary, we conclude that *Crain* supports the quoted statement.

We believe that the district court correctly charged the jury in the present case and that it did not commit plain error in failing to give the additional instruction requiring unanimity as to the theory of guilt. The district court did charge the jury that its verdict must be unanimous and that each juror must agree to the verdict.

We are persuaded that the United States Court of Appeals for the Eleventh Circuit properly resolved this issue in *United States v. Acosta.* Accordingly, the judgment of conviction is affirmed.