837 F.2d 475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy ANDERSON, Petitioner-Appellant,
v.
Aileene LOVE, Warden; and Michael Cody, Attorney General,
Respondents-Appellees.
 No. 87-5281.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner appeals from the denial of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. On appeal, petitioner challenges his state conviction for the aggravated rape of a child under the age of thirteen. The count of the grand jury indictment which led to this conviction charged petitioner with unlawful sexual penetration "on divers days between the months of April, 1980 and March, 1982...." The victim child testified that various instances of sexual penetration occurred, but could not specify the dates of the occurrences. Petitioner contends that he may have deprived of his right to a unanimous jury verdict because part of the jury could believed petitioner guilty of one instance of rape while another part of the jury may have believed him guilty of a separate instance. We affirm the denial of habeas corpus relief.
 
 
 3
 First, petitioner's claim that he may have been convicted upon a non-unanimous verdict was not raised in the district court and will not be addressed by this court on appeal in the first instance absent manifest injustice. See United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1986). Further, a close examination of the entire record reveals no manifest injustice. Most significantly, the jury at petitioner's trial was specifically instructed that its verdict must be unanimous. The mere possibility that a non-unanimous verdict could have been rendered does not warrant habeas relief under the circumstance presented. Berrisford v. Wood, 826 F.2d 747, 754 (8th Cir.1987); cf. United States v. Bouquett, 820 F.2d 165, 168-69 (6th Cir.1987) (direct appeal); United States v. McPherson, 782 F.2d 66 (6th Cir.1986) (per curiam) (direct appeal).
 
 
 4
 Therefore, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.