UNITED STATES of America,
Plaintiff–Appellee,

v.

Salvatore T. "Sam" BUSACCA,
Defendant–Appellant.

No. 88–3099.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 27, 1988.

Decided Dec. 6, 1988.

**434**

Joseph Douglas Wilson (argued), Dept. of Justice, Washington, D.C., Joseph R. Wilson, U.S. Dept. of Justice, Michael T. Rae, Asst. U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Alan P. Caplan, San Francisco, Cal., Leonard W. Yelsky (argued), Angelo F. Lonardo, Yelsky & Lonardo, Cleveland, Ohio, for defendant-appellant.

Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and BALLANTINE, District Judge.*

PER CURIAM.

Salvatore T. "Sam" Busacca appeals from his conviction on 16 counts of a 39–count indictment. Busacca was convicted of one count of embezzling funds from a labor organization, in violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2 (Count 1); three counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 2, 3, and 16); four counts of embezzling funds from an employee benefit plan, in violation of 18 U.S.C. §§ 664 and 2 (Counts 17, 18, 21, and 22); one count of accepting a kickback to influence the operations of an employee benefit fund, in violation of 18 U.S.C. §§ 664 and 2 (Count 23); two counts of making a false statement on a document required to be kept by the Employment Retirement Income Security Act of 1974 (ERISA), in violation of 18 U.S.C. §§ 1027 and 2 (Counts 30 and 31); one count of conducting the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1961 and 1962(c) (Count 32); one count of conspiracy to conduct an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1961 and 1962(d) (Count 33); and four counts of filing a false income tax return, in violation of 26 U.S.C. § 7206(1) (Counts 34–37). Busacca was sentenced to a total of ten years in prison and fined $35,000.

Busacca objects to two of the trial judge's jury instructions. Upon consideration of Busacca's arguments on appeal, we affirm the convictions.

## I

The events that led to Busacca's convictions arose from his actions as the president of the Excavating, Building Material, Construction Drivers, Race Track Employees, Manufacturing, Processing, Assembling, and Installer Employees Local 436 of the International Brotherhood of Teamsters ("the local"). Busacca was also the chairman of the board of trustees of the Local 436 Welfare Fund ("Welfare Fund") and the Local 436 Pension Trust Fund, both of which are governed by the provisions of ERISA. Busacca was indicted and convicted for using his position of power in the union to obtain kickbacks from merchants wishing to do business with the Welfare Fund. He also filed several false insurance claims with the Welfare Fund. None of the income generated by these activities was reported on his income tax returns.

Busacca bases his appeal on the contention that the district court improperly instructed the jury on the law concerning both the crime of embezzling funds from a labor organization in violation of 29 U.S.C. § 501(c) and the crime of embezzling funds from an employee benefit plan in violation of 18 U.S.C. § 664.

The alleged embezzlement of labor organization funds concerned an insurance claim filed under the name of Jethro Robinson. Robinson was an independent truck

---

* The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

operator and a member of the local. He, however, was not employed by the union or by a contributing employer and, thus, was not eligible for benefits from the Welfare Fund. After Robinson died in an accident on May 5, 1981, Busacca and Local 436 business agent David Kerr, the government's main witness, with the assistance of Deborah Hanson, the Welfare Fund's office manager, decided to file a $28,000 accidental death benefits claim with the Welfare Fund in Robinson's name and split the proceeds. On June 11, 1981, in order to secure retroactive insurance coverage, the local made a contribution of $2,465 to the Welfare Fund on behalf of Robinson. This payment constituted the source of the § 501(c) embezzlement charge contained in Count 1 of the indictment.

The alleged embezzlement of employee benefit plan funds involved kickbacks received by Busacca from merchants doing business with the Welfare Fund. Specifically, he was convicted of arranging for a caterer and a T-shirt manufacturer employed by the Fund as suppliers for an anniversary party to overcharge the Fund and then pay the difference to Busacca and Kerr. Busacca was also convicted of taking such a kickback from a merchant who supplied the Fund with a computer system at an inflated cost.

## II

In the review of criminal cases, if no contemporaneous objection was made during trial to an error alleged on appeal, a reviewing court should not reverse the trial court unless there is plain error. *United States v. Young*, 470 U.S. 1, 15–16, 105 S.Ct. 1038, 1046–47, 84 L.Ed.2d 1 (1985). Plain error is defined as an egregious error, one that directly leads to a miscarriage of justice. *Ibid.* If an objection was made at trial, a reviewing court may reverse the trial court only if there is an abuse of discretion. *United States v. Beros*, 833 F.2d 455, 458 n. 3 (3rd Cir.1987). The trial court is "vested with broad discretion in formulating its charge and will not be reversed unless the charge fails accurately to reflect the law." *United States v. Pruitt*,

763 F.2d 1256, 1261 (11th Cir.1985), *cert. denied*, 474 U.S. 1084, 106 S.Ct. 856, 88 L.Ed.2d 896 (1986).

The parties disagree as to whether the appellant made a proper objection to the first jury instruction challenged in this appeal. A proper objection to a jury instruction is made when the subject of the objection and its grounds were identified with sufficient precision to give the district court a full understanding of its nature. *United States v. Eiland*, 741 F.2d 738, 742 (5th Cir.1984). An objection to the omission of a charge can have the same effect as a request for the charge. *Ibid.*

The instruction at issue dealt with the charge contained in Count 1 of the indictment. This charge involved the embezzling of funds from a labor organization. This circuit has held that this crime can be proved through either of two theories. The embezzling of the funds, under the first theory, is an unauthorized taking from the labor organization. Under the second theory, the labor organization authorizes the expenditures, but it receives no benefit. Busacca maintains that the government can proceed under only one of these theories in any one prosecution in order to ensure that the jury agrees unanimously on exactly what crime was committed.

In our opinion, it is clear that Busacca made a proper objection to the jury charge. Busacca's trial counsel argued several times that the judge should instruct on only one theory of the crime in question, and the trial court should make the government choose which theory it wished to proceed under in order to ensure a unanimous verdict. At one point, the appellant's counsel stated, after the prosecutor explained why it requested the instruction at issue, "The problem with that, Judge, is it means we might never have a unanimous verdict because five might think it's one and seven might think it's another." At another point, appellant's counsel continued his argument, "I mean we have an impossible conflict, your Honor, in terms of instructions, because at some point in time this jury has to be told unanimously that they

are going to have to decide it was authorized or unauthorized."

The government claims, on the other hand, that the appellant never asked for a specific jury instruction and, thus, waived his objection. In light of the law set out in cases such as *Eiland,* this argument cannot be maintained. The standard of review, then, for Busacca's first allegation of error is whether the district court abused its discretion. The appellant admits that he did not object at trial to the second jury instruction challenged, making the standard of review as to that allegation one of plain error.

### III

The first allegation of error concerns the appellant's conviction on Count 1 of the indictment. This charge involved Busacca's procuring $2,465 from the local as a contribution to the Welfare Fund in the name of Jethro Robinson in violation of 29 U.S.C. § 501(c). The appellant contends that the trial judge erred in instructing the jury that they could find the defendant guilty of violating 29 U.S.C. § 501(c)[1] if they believed the defendant was guilty under either of two theories of liability. These two theories were explained in *United States v. Bane,* 583 F.2d 832, 835 (6th Cir.1978), *cert. den.,* 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979). Under one theory, the union authorizes expenditures or use of property by the defendant, but the funds are not used for the benefit of the union. Under the other theory, the expenditures are wholly unauthorized. A union official or employee can be convicted of violating § 501(c) under an unauthorized expenditure theory if it can be shown that the expenditure was not authorized and the defendant acted with fraudulent intent to obtain the expenditure. *United States v. Gibson,* 675 F.2d 825, 828–29 (6th Cir.1982), *cert. denied,* 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982). A § 501(c) conviction can be obtained under an authorized ex-

penditure theory if the government proves that, first, the defendant had a fraudulent intent to deprive the union of its funds, and, second, that the defendant lacked a good faith belief that the expenditure was for the legitimate benefit of the union. *Bane,* 583 F.2d at 835–36.

The trial judge in the case *sub judice* instructed the jury on these two theories. He first instructed them on the basic elements of the crime, telling them that they must find that there was a union, that the defendant was a union official or employee, that the defendant embezzled union property, and that the defendant had a fraudulent intent to deprive the union of its property. He then instructed them that they must determine if an expenditure was authorized or unauthorized. If they found the expenditure unauthorized, they were to go no further; a conviction was in order.

However, the judge told them, if "you further find that the Government has failed to prove, beyond a reasonable doubt, that such expenditures was [sic] unauthorized, then in order to find Mr. Busacca guilty of the offense charged in Count I of the indictment the Government has the burden of proving each of the additional essential elements of that offense by proof beyond a reasonable doubt: *ONE:* a fraudulent intent by Mr. Busacca to deprive Teamsters Local Union 436 of its funds; and *TWO:* a lack of good faith belief by the defendant that the expenditure was for the legitimate benefit of the union." Thus, the jury was, in essence, instructed that if, after finding that the prosecution has proved the essential elements of the offense, they found the union authorized the expenditure in question, they had to find, in addition to the other elements of the crime, that the defendant did not believe that the expenditure was for the benefit of the union.

The appellant argues that the trial judge erred in giving this instruction because it

---

**1.** 29 U.S.C. § 501(c) states that, "Any person who embezzles, steals, or unlawfully and willfully abstracts and converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

created the possibility of a non-unanimous verdict. Busacca contends that the jury could have disagreed as to whether an expenditure was authorized or unauthorized and simply decided to convict even though they did not agree on the specific theory of culpability. The appellant acknowledges that the trial judge did give a general instruction that unanimity was required on all findings [2], but insists that the general instruction was insufficient in this case. As he did at trial, the appellant argues that the government ought to have been required to choose one theory under which to prosecute. Alternatively, the judge could have specifically instructed the jury that they had to unanimously agree on what type of § 501(c) crime the appellant committed.

It is well settled that in routine cases, a general unanimity instruction will be sufficient to ensure that the jury reaches its verdict properly. *Beros*, 833 F.2d at 460. However, when there exists a genuine possibility that either: (1) the jury will be confused because of the complexity of the case; or (2) a conviction will occur as a result of different jurors concluding that the defendant committed different acts, the general unanimity instruction does not suffice. *Id.* at 461.

The appellant contends that this case requires specific unanimity instructions because the different jurors could have decided to convict Busacca on the basis of different theories of the crime charged. Busacca relies on *Beros* for support of his position. In that case, the Third Circuit overturned a § 501(c) conviction because a specific unanimity instruction was not given where the allegations made in support of the various counts of the indictment consisted of several acts of the defendant, any one of which could have led to his conviction. For example, in one count of the indictment, Beros was charged with embezzling union funds in the course of a business trip to Florida. Beros was accused, in the course of that trip, of using his union credit card for personal expenses; occupying an overly expensive hotel room; and staying more days than the business required. *Id.* at 460. Any one of these acts, had the jury found the defendant had committed them, would have been sufficient to support the embezzling charge. *Ibid.*

The court concluded that in this kind of case the jury had to be instructed specifically that they must agree unanimously as to what act they found the defendant to have committed. *Id.* at 458. Otherwise one could very well be confronted with a situation in which some jurors found the defendant embezzled when he used the union credit card and others when he obtained the expensive hotel room. The *Beros* court concluded; "[A jury] cannot rely on a composite theory of guilt, producing twelve jurors who unanimously thought that the defendant was guilty but who were not unanimous in their assessment of which act supported the verdict. Conviction by the jury that was not unanimous as the defendant's specific illegal action is no more justifiable than is a conviction by a jury that is not unanimous on the specific count." *Id.* at 462.

The Sixth Circuit approved this analysis in *United States v. Duncan*, 850 F.2d 1104, 1112 (6th Cir.1988). That case involved a defendant accused of making false statements on his 1982 tax return. The government alleged that the tax return contained two distinct false statements, either one of which, if the jury agreed with the prosecution, could have led to his conviction. *Id.* at 1105. The court held the jury must be instructed specifically that they must agree unanimously on which false statement the defendant had made. *Ibid.*

The appellant contends that the present case is analogous to *Beros* and *Duncan* in that he could have been convicted under differing theories of the crime, making it possible that the jury did not agree unanimously on which theory Busacca should be convicted. We hold that *Beros* and *Duncan* are not at all like this case. Those

---

**2.** The judge instructed, "Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous."

cases require the jury to agree unanimously on which *acts* the defendant committed, for it was not clear in those cases exactly what the defendant was being punished for. Here there is no ambiguity as to the nature of the act; it is the obtaining of the union contribution for Robinson's death benefits insurance. It is also clear what the appellant is accused of; embezzling money from the union. The only thing at issue is what theory will be used to prove the appellant guilty.

█ The resolution of this issue does not lead to any danger of a non-unanimous verdict, for the instructions in this case, rather than causing confusion as in *Beros,* are quite clear. The judge instructed the jury that they must determine if the expenditure in question was authorized or unauthorized. Assuming the other elements of the crime are present, if the expenditure was unauthorized the defendant is guilty. If the jury finds that the expenditure in question was authorized, the government must prove an extra element. The judge instructed the jury that all these decisions must be made unanimously. Hence, there is no danger of confusion. A reviewing court must presume that the jury followed the judge's instructions. *Steele v. Taylor,* 684 F.2d 1193, 1205 (6th Cir.1982), *cert. denied,* 460 U.S. 1053, 103 S.Ct. 1501, 75 L.Ed.2d 932 (1983).

We employed a similar analysis in *United States v. McPherson,* 782 F.2d 66, 68 (6th Cir.1986). This case involved a conviction under 18 U.S.C. § 656, a statute quite similar to § 501(c), which makes it a crime for a bank employee to "embezzle, abstract, purloin, or willfully misapply any of the moneys, funds, assets, or securities intrusted to the custody or care of such bank." The defendant in that case argued that it was plain error for the trial judge not to have instructed the jury that they were required to agree upon what method the defendant employed to violate the statute, i.e. whether he embezzled, abstracted, purloined, or willfully misapplied the funds in question. *Id.* at 67. We ruled that a specific instruction was unnecessary because the statute in question created one

"generic offense", the taking of money from the bank, that can be committed in several alternative ways. The court concluded that "if the jury was unanimous in finding beyond a reasonable doubt that a defendant bank employee committed an act that constituted a willful taking of the bank's funds, regardless of the precise manner in which the taking occurred, the verdict would be valid." *Id.* at 68; *See United States v. Bouquett,* 820 F.2d 165 (6th Cir.1987); *United States v. McGuire,* 744 F.2d 1197 (6th Cir.1984), *cert. den.,* 471 U.S. 1004, 105 S.Ct. 1866, 85 L.Ed.2d 159 (1985).

█ Thus, we conclude that § 501(c) also creates one generic offense, stealing money from a union, that can be proven in two different ways. Following *McPherson,* what is crucial is that the jury found that the local's contribution in behalf of Robinson was an illegal taking. Which theory the jury used, meaning whether or not the jury thought the contribution was authorized, is of little concern.

## IV

█ Following his arguments on the jury instructions for Count 1, the appellant challenges his convictions on Counts 17, 18, 21 and 23 on the grounds that the judge should have given specific unanimity instructions on the charges. The counts in question concern the violation of 18 U.S.C. § 664, which punishes "Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use or to the use of another" the property of any employee welfare benefit plan or employee pension benefit plan. The appellant contends that the trial court committed plain error in not instructing the jury that they had to agree unanimously as to what method the defendant used to violate the statute, restating the same arguments made on the challenge to Count 1.

We must again refer to *McPherson,* noting that the statute involved in that case, prohibiting the theft of bank funds, is almost identical to the statute at issue here. Thus, this offense is yet another generic offense, making a specific instruction un-

necessary. In addition, as with the labor organization embezzlement charge, the judge in the present case did instruct the jury that the government had to prove beyond a reasonable doubt that the appellant had violated the statute by using one of the methods listed in the statute. Since the judge instructed them that all their decisions, including the one above, had to be made unanimously, specific instructions were not required.

### V

Finally, the appellant contends that his convictions are suspect because the jury's verdict was inconsistent. Busacca bases this charge of inconsistency on the fact that while he was convicted on 16 counts, he was acquitted on 23, even though the same witnesses, particularly Kerr, testified to all the charges. This court has held that consistency in separate counts is not required in jury verdicts. *United States v. Bevins*, 430 F.2d 601, 603 (6th Cir.1970). The possibility that a verdict might be the result of a compromise, mistake, or lenity should not be allowed to upset a jury verdict. *Ibid.* Busacca offers no reasons why this rule should not apply in this case. The appellant's convictions are AFFIRMED.