977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvatore "Sam" T. BUSACCA, Defendant-Appellant.
 No. 92-3083.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Salvatore "Sam" T. Busacca, a pro se federal prisoner, appeals the district court's marginal order denying his motion to correct a clerical mistake pursuant to Fed.R.Crim.P. 36. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Busacca was convicted in 1987 of 16 counts charging embezzlement, mail fraud, accepting a kickback, making a false statement, substantive RICO, RICO conspiracy, and filing false income tax returns. He was sentenced on January 22, 1988, with the written judgment reflecting a total sentence of ten years imprisonment and a total fine of $35,000. A panel of this court affirmed his conviction. United States v. Busacca, 863 F.2d 433 (6th Cir.1988), cert. denied, 490 U.S. 1005 (1989).
 
 
 3
 On December 16, 1991, Busacca filed a motion under Rule 36 to correct the record of his sentence, arguing that his total sentence as orally pronounced at his sentencing hearing is eight years instead of ten. The district court denied the motion in a marginal order after reviewing the transcript of sentencing and determining that the sentence was correctly computed as ten years.
 
 
 4
 On appeal, Busacca continues to argue the accuracy of his mathematical calculations.
 
 
 5
 Upon review, we affirm the district court's order because its finding that there is no disagreement between the oral sentence as pronounced by the court and the written judgment based upon that oral sentence is not clearly erroneous. See United States v. Bergmann, 836 F.2d 1220, 1221 (9th Cir.1988). Both sentences provide for a total of ten years imprisonment.
 
 
 6
 Busacca is correct in arguing that, where there is a discrepancy between an orally imposed sentence and the written order of judgment and commitment, the oral sentence generally controls. See United States v. Khoury, 901 F.2d 975, 977 (11th Cir.1990); United States v. Villano, 816 F.2d 1448, 1450-51 (10th Cir.1987). However, there is no discrepancy and no ambiguity in the district court's oral sentence as reflected in the transcript. The parties agree that the sentence calls for five years imprisonment as to count 1, plus two years (consecutive) as to count 17, with several other sentences running concurrently with those two. Busacca's calculations fail because of his misquote of the sentencing transcript regarding the sentence imposed as to count 32. The transcript shows that the district court imposed a three-year sentence as to that count, which was consecutive to both the five-year and two-year sentences:
 
 
 7
 As to Count Thirty Two, it is the sentence of this Court that the Defendant be sentenced to the custody of the Attorney General for a period of three years and a fine of $5,000, and that is to run consecutive to Counts One, Two, Three and Sixteen, which run concurrently together, and Count Seventeen, Eighteen, Twenty One and Twenty Two, which run concurrently together but consecutive to One, Two, Three and Sixteen, this also will run consecutive to those counts, consecutive to those counts, I'm sorry.
 
 
 8
 J.App. at 101-02 (emphasis added).
 
 
 9
 Busacca misquotes this section both in his Rule 36 motion and in his brief on appeal by omitting the emphasized phrase, thus missing the fact that count 32's three-year sentence was consecutive to the two-year sentence of count 17 as well as to the five-year sentence of count 1. When the entire transcript section is read, it is apparent that three years are added to the previous total of seven years. This adds up to the ten years recorded on the written judgment and the sentence computation sheet.
 
 
 10
 Accordingly, the district court's order, filed December 30, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.