ALAN E. NORRIS, Circuit Judge,
dissenting.
While I concur with much of the Majority’s thorough opinion, I must dissent with respect to its decision to remand for re-sentencing based upon its conclusion that the district court failed to provide sufficient reasons for the sentence that it imposed.
At the conclusion of the sentencing hearing, the district court asked if the parties had any further objections to the sentence. For his part, defense counsel indicated that he did not. As a result, our review is for plain error, which the Majority acknowledges is “an egregious error, one that leads to a miscarriage of justice.” Maj. Op. at 241 (quoting United States v. Busacca, 863 F.2d 433, 435 (6th Cir.1988)). I detect no error, let alone an egregious one.
District courts have received mixed messages with regard to precisely how much explanation is required when imposing a sentence. Obviously, meaningful appellate review for procedural and substantive reasonableness is impossible if the district court merely recites the factors outlined in *245 18 U.S.C. § 3553(a) without applying them to defendant’s arguments. However, “when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). As the Supreme Court recognized, “[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances.” Id. In my view, the district court in this ease gave sufficient explanation to satisfy us that it had considered defendant’s arguments and had a reasoned basis for the sentence imposed.
The district court explained that it was basing its sentence on the post-Booker guidelines, as well as “the need for the sentence to reflect the seriousness of the offense,” the deterrence value of the sentence, and the need to avoid unwarranted sentencing disparities, which led it to apply the 2007 version of the guidelines instead of the 2005 version. When considering this last factor the court also took into account the sentences received by the other defendants involved in the conspiracy, as well as defendant’s dominant role relative to his co-conspirators.
During the sentencing hearing, the district court identified two additional considerations it would take into account. First, although it overruled defendant’s objection to the quantity of drugs attributed to him, it acknowledged the fact that this quantity barely put him over a threshold in the guidelines that resulted in an offense level of 34 instead of 32. Hence, the court stated that it would “take this argument into account when determining a sentence.” Second the district court responded in detail to defendant’s contention that several factors warranted a downward departure from the guidelines:
[Defendant requests the Court to consider several factors to warrant departure from the guidelines. The Court considered these factors according to 18 United States Code, 3553(a).
The defendant asserts that his father was mostly absent from his life, and when he did have contact with him, he drank alcohol excessively and was abusive. Further, the defendant has custody of his son who suffers from seizures. The Court does not believe a departure is justified based on these factors, but I will take these into consideration while sentencing.
These statements came within a few minutes of sentencing, which strikes me as a far cry from the Majority’s characterization of the district court’s conduct of the hearing: “the district court did not describe any of the circumstances surrounding the offense, and the Court noted few, if any, of Fenderson’s personal characteristics.” Maj. Op. at 243. To the contrary, when it pronounced sentence, the district court stated that it had considered the “nature and circumstances of the offense as well as the histoiy and characteristics of the defendant.” It also noted that it had “consider[edj the facts of this particular case, the 3553 statutory factors and the information in the Presentence Report.” In my view, the district court supplied sufficient explanation to allow for meaningful appellate review of the sentence.