**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul J. BUCKLEY, Defendant–Appellant.**

No. 90–3615.

United States Court of Appeals, Sixth Circuit.

Argued April 4, 1991.

Decided April 30, 1991.

David C. Shilton, John A. Bryson (argued), U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for plaintiff-appellee.

Leonard W. Yelsky (argued), Yelsky & Lonardo, Cleveland, Ohio, for defendant-appellant.

Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

RYAN, Circuit Judge.

A jury convicted Paul J. Buckley of violating 42 U.S.C. §§ 7412(c)(1)(B), 7413(c)(1)(C), Clean Air Act provisions regulating the release of asbestos into the environment. The jury also convicted him of violating 42 U.S.C. § 9603(b)(3), a CERCLA [1] provision requiring notification to authorities of any release of a reportable quantity of asbestos. Appealing both convictions, Buckley places two issues before this court. The first, is whether the jury instructions offended due process by misstating the level of scienter required for conviction under the statutes. The second, is whether the district court abused its discretion in denying Buckley's motion for a mistrial, in view of the government's efforts to elicit testimony concerning certain unduly prejudicial physical evidence.

We conclude that the jury instructions accurately stated the law, and that the trial court did not abuse its discretion in declining to grant a mistrial.

## I.

A grand jury indicted Buckley and other parties on several counts related to the release of asbestos into the environment in the course of a demolition project. This appeal concerns only counts 4 and 5. Count 4 charged that Buckley violated 42 U.S.C. §§ 7412(c)(1)(B), 7413(c)(1)(C) by knowingly emitting certain amounts of asbestos into the environment in the process of demolishing a stationary source. Count 5 charged that Buckley violated 42 U.S.C. § 9603(b)(3) by failing to notify the appropriate federal agency of a known release of a reportable quantity of asbestos.

At trial, with respect to count 4 and related counts, the district court charged the jury in part as follows:

"Counts ... 4, ... are alleged violations of the Clean Air Act."

The Clean Air Act prohibits the emission of a hazardous air pollutant in violation of any emission standard set by the EPA.

. . . . .

Before any defendant may be found guilty of a violation of the Clean Air Act, you must find beyond a reasonable doubt that ... he *knowingly* failed or caused any other person or employee to fail to comply with any of the work practice standards set forth....

(Emphasis added.)

With respect to count 5 and related counts, the district court charged the jury in part as follows:

Counts 3 and 5 of the Indictment charge specific defendants with failure to notify the appropriate agency of the United States that one [1] pound or more of asbestos had been released into the environment from a facility, in violation of CERCLA.

. . . . .

In order to prove a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

. . . . .

*Second:* That the defendant *knew* of the release of more than one [1] pound of asbestos into the environment from the facility.

. . . . .

CERCLA's reporting requirements are not extended to all employees involved in a release. The term 'person in charge' is deliberately designed to cover only supervisory personnel who have the responsibility for the particular facility. The reporting requirements of CERCLA apply to any person—even if of relatively low rank—who, because he was in charge of a facility, was in a position to detect, prevent, and abate a release of hazardous substances.

The defendant's control over a facility need not be sole or exclusive. He need not be the only one in charge. There

---

1. Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.*

may be several persons in charge of the same facility.

All that is necessary is that the individual have or share such control of the facility where the release occurred.

. . . . .

*Knowledge ordinarily may not be proved directly,* because there is no way of fathoming or scrutinizing the operations of the human mind. But *you may infer the defendant's knowledge* from the surrounding circumstances.

You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind.

*All the government must prove is that the defendant knew the general nature of the asbestos material* on pipes or other facility components being demolished. The *government does not have to show that the defendant knew the legal status of the asbestos materials or that he was violating the law.*

. . . . .

*The government is not required to prove a wrongful intent or awareness of wrongdoing.* The question whether the defendant acted in *good faith is not material.* It is the responsibility of persons who voluntarily associate themselves with asbestos demolition operations as supervisors or persons in charge to comply with the law.

(Emphasis added.)

On the element of "knowledge," the district court instructed generally as follows:

The law provides that an *individual cannot avoid knowledge by deliberately closing his eyes to what would otherwise be obvious or by failing to investigate if he is in possession of facts which cry out for investigation.*

Consequently, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoided [sic] learning the truth about the presence of asbestos, or *consciously avoided investigating even though he was in possession of facts which demanded investigation,* then you may find that the govern-

ment has satisfied its burden of establishing knowledge.

If you find that the defendant was aware of a high probability that asbestos was present and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, *if you find that the defendant actually believed that there was no asbestos on pipes or in stoves, he may not be convicted.*

It is entirely up to you whether you find that the defendant *deliberately closed his eyes* and any inferences to be drawn from the evidence on this issue.

(Emphasis added.)

Buckley objected to these instructions on the ground that they created a strict-liability criminal offense. The jury found Buckley guilty of counts 4 and 5. The court imposed a $5000 fine and sentenced Buckley to three years of probation and 300 hours of community service.

## II.

### A.

Buckley contends that the instructions violated due process by eliminating knowledge as an element of the crimes. He also seems to contend that due process requires the courts to define "knowledge" as awareness of wrongdoing, not awareness of the occurrence of the prohibited acts or omissions.

"The standard on appeal for a court's charge to the jury is whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." *United States v. Martin,* 740 F.2d 1352, 1361 (6th Cir.1984). The question is "what a reasonable juror could have understood the charge as meaning." *California v. Brown,* 479 U.S. 538, 541, 107 S.Ct. 837, 839, 93 L.Ed.2d 934 (1987) (quotation omitted). Even if an instruction proves impermissible viewed in isolation, the reviewing court upholds the instruction if it takes on a permissible meaning in the context of surrounding instructions. *Id.* Where, in formulating instructions, the "district court engages in statutory con-

struction as a matter of law, ... [the Sixth Circuit] review[s] [the] conclusions *de novo.*" *United States v. Brown,* 915 F.2d 219, 223 (6th Cir.1990).

### 1. Clean Air Act Violation

■ As effective at the time of the asbestos emissions, the Clean Air Act, 42 U.S.C. § 7401 *et seq.,* provided in pertinent part, "No air pollutant [such as asbestos] to which [an established emission] standard applies may be emitted from any stationary source in violation of [the established] standard.... Any person who *knowingly* violates ... [this prohibition] ... shall be punished by a fine ... or ... imprisonment ... or ... both." 42 U.S.C. §§ 7412(c)(1)(B), 7413(c)(1)(C) (1986) (emphasis added).

The statutory language makes knowledge an element of the crime of violating emission standards; however, the statute requires knowledge only of the emissions themselves, not knowledge of the statute or of the hazards that emissions pose. "[W]here a statute does not specify a heightened mental element ..., general intent is presumed to be the required element." *Brown,* 915 F.2d at 225. Indeed, in the phrase "knowingly violates ... section 7412(c)," "section 7412(c)" serves as a shorthand expression for the specific acts that 7412(c) forbids in detail. *Cf. United States v. Int'l Minerals and Chemical Corp.,* 402 U.S. 558, 562–63, 91 S.Ct. 1697, 1700–01, 29 L.Ed.2d 178 (1971). Such phrases do "not signal an exception to the rule that ignorance of the law is no excuse." *Id.*

■ Because of the very nature of asbestos and other hazardous substances, individuals dealing with them have constitutionally adequate notice that they may incur criminal liability for emissions-related actions. *See id.* at 565, 91 S.Ct. at 1701. "[W]here ... dangerous or deleterious ... products or obnoxious waste materials are involved, the probability of regulation is so great that anyone who is aware that he is in possession of them or dealing with them must be presumed to be aware of the regulation." *Id.; see also United States v. Elshenawy,* 801 F.2d 856, 858–59 (6th Cir. 1986), *cert. denied,* 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 164 (1987). Accordingly,

in attempting to establish a due process violation, Buckley misplaces his reliance upon *Lambert v. California,* 355 U.S. 225, 228–29, 78 S.Ct. 240, 242–43, 2 L.Ed.2d 228 (1957), in which there were no "circumstances which might move one to inquire as to the necessity of [taking action]." *Id.* at 228–29, 78 S.Ct. at 242–43.

■ Here the district court properly instructed the jurors that they could not find Buckley guilty unless he *"knowingly* failed ... to comply with ... standards." The district court also explained the meaning of "knowledge" for the jurors. The court noted that under the law, the government could establish Buckley's knowledge by showing that Buckley closed his eyes to obvious facts or failed to investigate when aware of facts which demanded investigation. Finally, near the end of its explanation of knowledge, the district court noted that the jury could not convict Buckley if it found that he actually believed that the pipe and stove coverings contained no asbestos.

Accordingly, we hold that whether evaluated separately or together, these instructions accurately state the law and do not offend due process.

### 2. CERCLA Violation

■ At the time of the asbestos emissions, CERCLA provided in pertinent part:

Any person ... in charge of a facility from which a hazardous substance is released, other than federally permitted release, in a quantity equal to or greater than that determined pursuant to section 9602 of this title [that is, more than one pound of asbestos] who fails to notify immediately the appropriate agency of the United States Government as soon as he has *knowledge* of such release ... shall ... be fined ... or imprisoned ... or both....

42 U.S.C. § 9603(b)(3) (1986) (emphasis added).

As we explained above, "knowledge" as used in such regulatory statutes means knowledge that one is doing the statutorily prescribed acts, not knowledge that the statutes or potential health hazards exist. As we noted, the very nature of hazardous

substances such as asbestos puts individuals controlling the substances on notice that criminal statutes probably regulate the handling and release of the substances.

■ The district court properly charged jurors that to prove Buckley guilty of failure to notify, the government needed to prove that Buckley *"knew* of the release of more than one [1] pound of asbestos...." The district court also correctly informed jurors that the government needed to establish only knowledge of the presence of the asbestos, not knowledge of the asbestos's legal status. Buckley takes particular exception to the following instruction:

> The government is not required to prove a wrongful intent or awareness of wrongdoing. The question whether the defendant acted in good faith is not material. It is the responsibility of persons who voluntarily associate themselves with asbestos demolition operations as supervisors or persons in charge to comply with the law.

Perhaps, viewed in isolation, this instruction might lead a juror to conclude that the statute did not specify knowledge as an element of the offense. However, immediately prior to reading this instruction, the district court unequivocally foreclosed such a misinterpretation by stating that the government needed to prove that Buckley *knew* of the presence of asbestos at the demolition site.

Accordingly, we hold that taken as a whole, the instruction accurately states the law.

### B. Prosecutorial Conduct

■ Buckley maintains that the district court abused its discretion in denying his motion for a mistrial following the prosecutor's inquiries of a witness regarding certain physical evidence that the district court had previously excluded.

The district court's decision not to grant a mistrial is subject to the abuse of discretion standard of review. *See United States v. Atisha*, 804 F.2d 920, 927 (6th Cir.1986). "[A] determination of the fairness to the accused is the primary concern ...; if ... the trial was not rendered unfair, [we will not conclude] that the district

court ... abused its discretion by denying [the] motion for a mistrial." *Id.* at 926–27. "To warrant a new trial ... prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial. Furthermore, the prejudicial effect of improper comment or questioning may be negated by curative instructions to the jury." *United States v. Tilicinas*, 728 F.2d 313, 320 (6th Cir.1984).

Having reviewed the record, we conclude that the district court did not abuse its discretion in denying the motion for a mistrial. The witness did not answer the question before defense counsel objected. Moreover, the district court instructed the jury to ignore the question, and the jury never saw the unduly prejudicial piece of evidence. The whole incident probably transpired in less than a minute and almost certainly made only a very slight impression, if any, upon the jurors. Finally, the prosecution presented other convincing evidence of Buckley's guilt.

### III.

For the foregoing reasons, Buckley's convictions are AFFIRMED.