968 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter S. STONE, Defendant-Appellant.
 No. 91-5561.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Pharmacist Walter Strader Stone appeals from a jury verdict that found him guilty on twenty counts related to the illegal dispensation of controlled substances. On appeal, Stone contends that the district court's response to questions posed by the jury during its deliberations deprived him of a fair trial. He also argues that the superseding indictment ran afoul of the Double Jeopardy Clause of the Fifth Amendment because it included separate counts which required proof of the same legal and factual elements. Because we conclude that a supplemental instruction given by the district court may have misled the jury as to the requisite mental state of defendant, we reverse the conviction and remand for a new trial.
 
 I.
 
 2
 Throughout much of the 1980s, Stone was part owner and managing pharmacist of Bonnycastle Drugs in Louisville, Kentucky. On January 17, 1990, a grand jury returned a fifteen-count indictment that charged him with dispensing controlled substances for no legitimate medical purpose during the time that he operated the pharmacy. His actions allegedly violated 21 U.S.C. § 841(a)(1) (unlawful distribution), 21 U.S.C. § 846 (conspiracy to distribute), 18 U.S.C. § 2 (aiding and abetting), and related federal regulations.
 
 
 3
 On April 2, 1990, a superseding indictment was filed that charged Stone with thirty-seven counts of criminal conduct. In addition to the statutory violations alleged in the initial indictment, the superseding indictment included charges that Stone violated 21 U.S.C. § 843(a)(3) (obtaining possession of controlled substances through misrepresentation or fraud).
 
 
 4
 A lengthy jury trial ensued, which ran from October 29, 1990 until December 4, 1990. At its conclusion, the jury returned guilty verdicts on twenty counts. The district court subsequently sentenced Stone to fifty-one months of imprisonment, three years of supervised release, and a $10,000.00 fine.
 
 II.
 
 5
 The primary issue raised by the appeal concerns the manner in which the district court responded to questions posed by the jury during its deliberations. In particular, the jury expressed confusion about the knowledge element of the crimes alleged in the superseding indictment. Several of the counts contained the following language:
 
 The Grand Jury further charges:
 
 6
 WALTER STRADER STONE, defendant herein ... knowingly and intentionally and unlawfully did dispense and distribute [amount and type of controlled substance] pursuant to a purported prescription and/or refill or without benefit of any legal order, said act or acts of distribution and dispensing not being in the usual course of professional practice and not being for any legitimate medical purpose in that the defendant knew said controlled substance would not be used by the ultimate user in the course of legitimate medical treatment.
 
 
 7
 After retiring to deliberate, the jury had trouble parsing this charge. As a result, it tendered a question to the district court:
 
 Question:
 
 8
 In each count it says "... knowingly and intentionally and unlawfully did dispense and distribute ... pursuant to a purported prescription and/or refill without benefit of any legal order ... or acts of distribution and dispensing not being in the usual course of professional practice and not being for any legitimate medical purpose in that the defendant knew said controlled substance would not be used by the ultimate user in the course of legitimate medical treatment."
 
 
 9
 Does this mean that if the defendant knew that the prescriptions were illegal and that they were not being used for legitimate medical purposes is this considered a guilty? Our problem is if we felt that the prescriptions were legal, yet they were filled "in, our opinion, too frequently" not with regards to "course of legitimate treatment" is this a guilty. We have this problem with the interpretation throughout. Must both conditions be met: illegal prescription and substance not being used by the ultimate user for legitimate medical treatment.
 
 
 10
 Also within each count there could be some prescriptions we feel are legal prescriptions on their own. However, some might not be. Are we to deduct those dosage units we feel are legal from the total count? This may take a lot of time. Can we leave this dosage unit blank without deciding on this issue?
 
 
 11
 Needless to say we're confused. Please bare [sic] with us.
 
 
 12
 In addition to the obvious confusion concerning whether to read the indictment in the conjunctive or disjunctive, the question indicates that the jury was unsure how to calculate the amount of controlled substances illegally dispensed. This issue arose because the district court had included as part of the verdict form an interrogatory that asked the jury how many dosage units of the controlled substance they found were unlawfully dispensed and distributed by Stone.
 
 
 13
 In an effort to clear up this confusion, the trial judge decided to give a supplemental instruction concerning the meaning of the indictment's problematic language. He also proposed to withdraw from the jury the interrogatory concerning dosage units. With respect to whether the indictment should be read in the conjunctive or disjunctive, the trial court instructed the jury in these terms:
 
 
 14
 You have also inquired about the use of the word "and" in the indictment and whether the defendant knew that the prescriptions were illegal and that they were not being used for legitimate medical purposes.
 
 
 15
 The court instructs you that in the indictment the word "and" is synonymous with the word "or." That is to say, if the United States has proved to your satisfaction and beyond a reasonable doubt any of the items connected by the word "and," it has proven satisfactorily its case on that particular element.
 
 
 16
 With regard to the interrogatory, the judge responded as follows:
 
 
 17
 Now, one final thing. You all have expressed some concern over the difficulty in computing the dosage units and the c.c.'s mentioned in the indictment and comparing them with the evidence that you have. We asked you to answer that interrogatory. I will withdraw that interrogatory from you now. It is not necessary that the government prove beyond a reasonable doubt any specific amount of any controlled substance.
 
 
 18
 Armed with these instructions, the jury proceeded to find Stone guilty on twenty counts.
 
 
 19
 When the district court engages in statutory construction in the formulation of its instructions to the jury, this court reviews the matter de novo. United States v. Buckley, 934 F.2d 84, 87-88 (6th Cir.1991) (citing United States v. Brown, 915 F.2d 219, 223 (6th Cir.1990)). Furthermore, failure to give supplemental instructions sufficient to clear away any confusion expressed by the jury may constitute an abuse of discretion that amounts to prejudicial error. United States v. Nunez, 889 F.2d 1564, 1568-69 (6th Cir.1989).
 
 
 20
 The propriety of a supplemental instruction rests on whether it "fairly responds to the jury's inquiry without creating a prejudice which Rule 30 was designed to avoid." United States v. Giacalone, 588 F.2d 1158, 1166 (6th Cir.1978), cert. denied, 441 U.S. 944 (1979). However, a reviewing court assesses the propriety of a supplemental instruction in the context of the instructions taken as a whole. Buckley, 934 F.2d at 87. According to Stone, the trial court's supplemental instruction improperly insinuated his guilt by reducing the findings required to convict. He also contends that the withdrawal of the interrogatory sent a similar message.
 
 
 21
 Particularly in the context of a trial on criminal charges, supplemental instructions represent a delicate undertaking. See United States v. Carter, 491 F.2d 625, 633 (5th Cir.1974) ("[A] trial judge must be acutely sensitive to the probability that the jurors will listen to his additional instructions with particular interest and will rely more heavily on such instructions than on any single portion of the original charge."); cf. Bollenbach v. United States, 326 U.S. 607, 612 (1946) (the judge's last word is apt to be the most decisive word). Because a judge's position of authority undeniably influences the thinking of the jury, the court must make every effort to avoid the appearance of bias. Cf. Anderson v. Sheppard, 856 F.2d 741, 745-46 (6th Cir.1988). Our review of the record convinces us that the trial court took pains to avoid causing any prejudice to appellant. The judge asked the jury foreperson to clarify the question for the court, consulted with counsel in formulating the supplemental charge, and admonished the jurors to weigh any additional instructions in the context of all that they had heard.
 
 
 22
 Despite these precautions, however, we must vacate Stone's conviction if a review of the supplemental instruction reveals an incomplete or otherwise prejudicial statement of the law. Here, in formulating the disputed instruction, the trial judge inadvertently may have caused the jurors to misunderstand the elements required for conviction. Because the government bears the burden of proving all the elements of an alleged crime beyond a reasonable doubt, In re Winship, 397 U.S. 358, 364 (1970), we may not affirm a conviction which could very well have been premised upon a misunderstanding of the law.
 
 
 23
 The jury expressed confusion with regard to the mens rea element of the charged criminal activity. This circuit has adopted the following reasoning on that issue:
 
 
 24
 The question, then, in any case where a pharmacist is charged with illegal distribution of controlled substances, is whether he knew that the purported prescription was not issued for a legitimate medical purpose or in the usual course of medical practice. The key element of knowledge may be shown by proof that the defendant deliberately closed his eyes to the true nature of the prescription.
 
 
 25
 United States v. Lawson, 682 F.2d 480, 482 (4th Cir.), cert. denied, 459 U.S. 991 (1982) (citations omitted) (adopted by United States v. Hughes, 895 F.2d 1135, 1143 n. 11 (6th Cir.1990)). The superseding indictment charged Stone with "knowingly and intentionally and unlawfully" dispensing controlled substances without a legal prescription. Thus, the court's change of "and" to "or" permitted the jury to find him guilty even if he did not know that the prescription was unlawful. That amounts to clear error under our opinions in Hughes and Lawson,[1]
 
 
 26
 Appellant also contends that the withdrawal of the dosage interrogatory denied him due process. Standing alone, that argument lacks merit. This circuit does not require that a jury be given a special interrogatory as to the quantity of drugs involved in a section 841 offense, United States v. Sawyers, 902 F.2d 1217, 1219 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991), nor is the amount of controlled substances considered an element of the offense. United States v. Moreno, 899 F.2d 465, 473 (6th Cir.1990), cert. denied, 112 S.Ct. 1504 (1992).
 
 
 27
 Nevertheless, once the decision is made to submit such an interrogatory to the jury, the trial court must ensure that any subsequent withdrawal does not signal a lowering of the proof required to convict. In the case before us, the district court chose to withdraw the interrogatory only after the jury indicated that it was having difficulty determining the dosage units illegally dispensed.[2] We are concerned that, when coupled with the supplemental instruction discussed above, the timing and manner[3] of the withdrawal may have left jurors with the impression that the court was sanctioning a conviction based upon a reduced level of proof. Under these circumstances, we have no choice but to find that defendant suffered impermissible prejudice and must reverse his conviction.
 
 
 28
 Because our decision is based upon the trial court's supplemental instructions, we need not reach the double jeopardy issue raised by appellant.
 
 III.
 
 29
 For the reasons outlined in this opinion, the conviction of appellant is reversed and this cause is remanded for a new trial.
 
 
 30
 CONTIE, Senior Circuit Judge, concurring.
 
 
 31
 I agree with the majority, but write separately to indicate another reason why the district court's supplemental instructions to the jury were misleading. The jury asked whether it could find the defendant guilty "if he [defendant] felt that the prescriptions were legal, yet they were filled 'in, our opinion, too frequently' not with regards to 'course of legitimate treatment.' " The jury should have been instructed that their opinion about the frequency with which legal prescriptions were refilled was irrelevant. The requirements for refilling a legal prescription are set forth in 21 C.F.R. § 1306.22. The district court therefore should have referred the jury to 21 C.F.R. § 1306.22 in order to instruct them how to determine the frequency with which a legal prescription can properly be refilled. Because the court failed to instruct the jury that it's own opinion in this regard did not matter and that a legal prescription is filled too frequently only if the refill violates the specifications set forth in 21 C.F.R. § 1306.22, the supplemental instructions were in error.
 
 
 32
 SUHRHEINRICH, Circuit Judge, dissenting.
 
 
 33
 The majority seems concerned that the supplemental instruction eliminated the requirement that Stone have acted knowingly.[1] Reading this instruction in context, as we must, see United States v. Lawson, 780 F.2d 535, 543 (6th Cir.1985), the charge did not pertain to the mens rea requirement.
 
 
 34
 After receiving their query, the district judge reconvened the jury to determine the precise source of their confusion. The foreperson indicated that the jury was uncertain whether Stone "had to know both that the prescriptions were illegal and that they were not being used for [a] legitimate medical purpose." The district judge properly instructed the jury to regard "and" as disjunctive; knowledge of either would constitute sufficient evidence of guilt.
 
 
 35
 The majority apparently finds no error with this instruction. Instead, the court fears that the jury applied the supplemental instruction beyond the scope of its question, importing it to the mens rea instruction. Under this application, Stone could be found guilty if he acted knowingly or intentionally or unlawfully, which would amount to strict liability. The jury's query did not relate to the mens rea requirement, and they never expressed any confusion on this subject. In determining the substance of the jury's question, the court applied the knowledge requirement to both methods of proof. Finally, the jury received a detailed instruction regarding mens rea. This instruction not only required the jury to find that Stone acted knowingly, it also informed them that Stone could not be convicted for merely acting negligently, carelessly, or foolishly. In this context, I cannot agree that the jury would have believed that it could convict Stone even though he did not act knowingly.
 
 
 36
 The majority goes on to conclude that the district judge erred in withdrawing the special interrogatory pertaining to dosage.[2] The majority does not find error with the district judge's decision per se. Instead, it is the "timing and manner" of this decision that assertedly compels reversal because "the withdrawal may have left jurors with the impression that the court was sanctioning a conviction based upon a reduced level of proof." I am at pains to conceive of how a rational juror might have drawn such an inference from the timing and manner of the withdrawal. I certainly see no impermissible prejudice flowing from the district judge's conduct.
 
 
 37
 Therefore, I respectfully dissent.
 
 
 
 [1]
 The court specifically instructed the jurors that they could not convict based solely upon negligence
 
 
 [2]
 In one written note to the court, the foreperson asked: "The verdict asks for the dosage units, should this correspond to the amount on the indictment?" She closed another note with the remark, "How long do we have to do this? We are not moving very fast."
 
 
 [3]
 While the court's instruction to the jury--"It is not necessary that the government prove beyond a reasonable doubt any specific amount of controlled substance."--is technically accurate, it should have been paired with a cautionary statement explaining to the jurors that the withdrawal of the interrogatory did not alter the government's burden
 
 
 [1]
 At trial Stone objected generally to the giving of a supplemental instruction that "and" be construed disjunctively. However, he did not even allude to the argument that he now raises on appeal. As such, I do not believe that the issue has been properly preserved. See United States v. Scarpa, 913 F.2d 993, 1020-21 (2d Cir.1990); United States v. Busacca, 863 F.2d 433, 435 (6th Cir.1988); (objection must state grounds with sufficient precision to allow district court to rule on it), cert. denied, 490 U.S. 1005 (1989)
 
 
 [2]
 In objecting at trial to the withdrawal of the special interrogatory, Stone did not raise the argument he now presents on appeal. As such, it has not been properly preserved. Moreover, given the majority's determination with respect to the supplemental instruction, it is unnecessary to consider this alternative ground for reversal