972 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Brenda WITHERSPOON Defendant-Appellant.
 No. 91-1314.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1992.
 
 Before KENNEDY, SILER, and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant-appellant Brenda Witherspoon timely appealed her conviction on aiding and abetting in the distribution of cocaine base, 21 U.S.C. section 841(a)(1) and (2), and with the use and carrying of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. section 924(c). Specifically, Witherspoon has appealed the jury instructions charged on the "during and in relation" element of section 924(c).[1]
 
 
 2
 On June 27, 1990, Special Agent Curtis Brunson of the Bureau of Alcohol, Tobacco, and Firearms (BATF) went to 15459 Snowden, Detroit, Michigan, to purchase crack cocaine. He was acting in an undercover capacity and was equipped with $10.00 in recorded government funds. Once there, he was met at the door by Witherspoon, who allowed Brunson to enter once he told her he wished to purchase crack.
 
 
 3
 Once inside, Brunson observed a male, later identified as codefendant Amir Carlos Dell, seated on a couch with a green-colored rifle lying across his lap. Brunson also noticed a blue steel revolver on the couch to the right of Dell. In the same room, a few feet away, a minor male was conducting a crack sales transaction with another individual.
 
 
 4
 Witherspoon directed Brunson to the minor in order to consummate the transaction. While Brunson proceeded in that direction, Witherspoon retrieved the blue steel revolver from the couch and yelled at Dell not to leave her "gun out like that." Witherspoon then stood in the couch area, approximately five to seven feet away from Brunson and facing him, and observed the entire drug transaction with the gun in her hand. Brunson purchased one rock of crack cocaine and left.
 
 
 5
 Shortly after Brunson completed the purchase and reported the results, the BATF agents executed a federal search warrant at 15459 Snowden. Located in the closet in the rear bedroom was a Remington .22 caliber rifle, green in color, fully loaded; numerous small plastic bags, each containing cocaine base; and a quantity of money, including the recorded $10.00 supplied to Agent Brunson. Recovered from behind the tall dresser in the same bedroom was a loaded .32 caliber, blue steel revolver with the serial number removed.
 
 
 6
 Witherspoon admitted residing in the bedroom where the guns, money, and drugs were found. She was arrested and advised of her rights. Witherspoon then executed a written statement that stated, in part: "I picked up the pistol to put it away, because I told him not to leave guns around like that. The reason the .22 caliber was in the house was for the protection of the house, because people wanted to use the house to sell dope."
 
 
 7
 In its charge to the jury, the trial court read the language of section 924(c) and explained that the government must prove three elements beyond a reasonable doubt to convict on this charge: that the defendant used or carried a firearm on June 27, 1990; that the defendant had knowledge that she was using or carrying a firearm; and that the defendant used or carried the firearm "during and in relation to a drug trafficking crime."
 
 
 8
 Over objection, the trial court charged the jury as follows in reference to the use and carrying of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. section 924(c):
 
 
 9
 For purposes of Count Four, the word "carries" does not require that the government prove actual possession, nor does the word "use" require the government to prove that the defendant brandished or displayed the firearm. It is sufficient to convict the defendant if you find beyond a reasonable doubt that defendant had possession of a firearm or that she had a firearm under her control in any manner which facilitated the distribution of cocaine base. Thus, if you find beyond a reasonable doubt that defendant had a weapon readily accessible to secure, enforce, or protect the drug transaction, you can find her guilty of Count Four.
 
 
 10
 Jury charges are reviewed for a contextual understanding of the whole charge to determine if they fairly and adequately submit the issue and law to the jury and to determine what a reasonable juror might have understood the charge as meaning. United States v. Buckley, 934 F.2d 84, 87-88 (6th Cir.1991); United States v. Horton, 847 F.2d 313, 322 (6th Cir.1988).
 
 
 11
 On appeal, Witherspoon first argued that the district court committed error in charging: "It is sufficient to convict the defendant if you find beyond a reasonable doubt that defendant had possession of a firearm or that she had a firearm under her control...." (emphasis added). Because this instruction is in the disjunctive, Witherspoon contended that the jury could have convicted her on the basis of mere possession.
 
 
 12
 Witherspoon has too narrowly parsed the jury instructions. The court instructed the jury that the defendant had to have possession of a firearm or that she had a firearm under her control "in any manner which facilitated the distribution of cocaine base." This phrase would have been understood by a reasonable juror as modifying both "possession of a firearm" and "firearm under her control." In addition, the sentence following the disputed disjunctive charged: "If you find beyond a reasonable doubt that defendant had a weapon readily accessible to secure, enforce, or protect the drug transaction, you can find her guilty of Count Four." Within this textual context, no reasonable juror would have understood the charge as permitting a conviction for mere possession.
 
 
 13
 This latter sentence, considered in context with the "facilitation" language and the language of the charged statute, also amply instructed the jury on the requisite relational element of section 924(c), the basis of Witherspoon's second asserted error. The district court not only read the language of the statute and isolated each element to be proven, but elaborated by telling the jury how the gun could be specifically "used or carried" in relation to the offense: "to secure, enforce, or protect the drug transaction."
 
 
 14
 The "during and in relation" element is met when the jury concludes that the firearms are actually or constructively possessed and kept at the ready to protect a drug house controlled or owned by the defendant, thereby safeguarding and facilitating illegal transactions. United States v. Henry, 878 F.2d 937, 944-45 (6th Cir.1989); United States v. Acosta-Cazares, 878 F.2d 945, 951-52 (6th Cir.1989). Under the drug fortress theory, the gun need only have emboldened the actor in order to meet the during and in relation element.
 
 
 15
 Thus, the jury instructions, reviewed as a whole, fairly and adequately submitted the law to the jury. For the reasons expressed herein, Witherspoon's conviction is AFFIRMED in its entirety.
 
 
 
 [1]
 Section 924(c) provides, in part, that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm shall ... be sentenced to imprisonment for five years." 18 U.S.C. § 924(c)(1)